Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| PEDRO LUIS AMENGUAL GUTIERREZ<br><br>DEMANDANTE APELANTE<br><br>v.<br><br>NEFTALI BURGOS PÉREZ, CLARIBEL MELÉNDEZ RIVERA, SLG BURGOS MELÉNDEZ, WINDMAR P.V. ENERGY INC., DEMANDADO ABC, ASEGURADORA ABC, JOSÉ IVÁN VÁZQUEZ BAÉZ, FULANA DE TAL ESPOSA DEL SR. JOSÉ IVÁN VÁZQUEZ BAÉZ Y SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR JOSÉ IVÁN VÁZQUEZ BAÉZ<br><br>DEMANDADOS APELADOS | KLAN202400927 | ***Apelación,***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br><br>BY2023CV06040<br><br>Sobre:<br><br><br>DAÑOS, INCUMPLIMIENTO DE CONTRATO, INTERFERENCIA TORTICERA |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**Rivera Pérez, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de noviembre de 2024.

Comparece ante nosotros el Sr. Pedro L. Amengual Gutiérrez (en adelante, Sr. Amengual Gutiérrez) solicitando la revisión de la *Resolución* emitida el 14 de septiembre de 2024 y notificada el 16 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "TPI"). Mediante dicha resolución, el TPI declaró "No Ha Lugar" la solicitud de relevo de sentencia presentada el 28 de agosto de 2024 por el Sr. Amengual Gutiérrez.

Acogemos el presente recurso titulado "*Apelación*" como uno de *certiorari* por recurrirse de una determinación post sentencia,

manteniendo el alfanumérico asignado para fines de economía procesal.

Por los fundamentos que expondremos, resolvemos desestimar el presente recurso.

**I**

En este caso, el 25 de octubre de 2023, el Sr. Amengual Gutiérrez presentó una *Demanda*[1] sobre incumplimiento de contrato, interferencia de contrato torticera, y daños y perjuicio contra el Sr. Neftalí Burgos Pérez, la Sra. Claribel Meléndez Rivera y la Sociedad Legal de Bienes Gananciales compuesta por ambos; Windmar P.V. Energy, Inc. (en adelante, "Windmar"), *et als.*, alegando que la terminación de su contrato fue realizada sin justa causa, afectando su capacidad de ingreso y causando pérdidas financieras sustanciales.

Luego de varios trámites procesales, el 24 de mayo de 2024, se emitió y notificó una *Sentencia Parcial*,[2] declarando "Ha Lugar" la *Moción de Sentencia Sumaria* presentada el 19 de febrero de 2024 por la parte codemandada Windmar. En consecuencia, se desestimó con perjuicio la demanda del presente caso en cuanto a dicha parte codemandada.

El 28 de agosto de 2024, el Sr. Amengual Gutiérrez presentó la *Moción Bajo Regla 49.2 Relevo de Sentencia, Segunda Moción Solicitando Enmendar la Demanda y Moción Solicitando Vista Evidenciaria*,[3] a la cual se opuso Windmar el 13 de septiembre de 2024.[4] En síntesis, el Sr. Amengual Gutiérrez solicitó que se dejara sin efecto la sentencia parcial que desestimó su demanda en cuanto a Windmar, argumentando que dicha determinación se basó en errores legales y negligencia excusable por parte de sus abogados

---

[1] Anejo 2 del Apéndice de la *Apelación*.
[2] Anejo 11 del Apéndice de la *Apelación*.
[3] Anejo 12 del Apéndice de la *Apelación*.
[4] Anejo 13 del Apéndice de la *Apelación*.

anteriores, quienes no presentaron la teoría legal adecuada ni respondieron correctamente a requerimientos procesales importantes. Además, solicitó una vista evidenciaria para presentar pruebas que respalden una nueva teoría legal contra Windmar, fundamentada en la pérdida económica documentada y en la supuesta cancelación injusta de su contrato de ventas, protegido bajo la Ley Núm. 21 de 5 de diciembre de 1990, según enmendada, conocida como *"Ley para Reglamentar los Contratos del Representante de Ventas"*, 10 LPRA sec. 279 *et seq.* También solicitó autorización para presentar una segunda y última demanda enmendada que permitiera corregir las deficiencias de la demanda original y seguir el curso legal adecuado. Finalmente, solicitó que se ordenara la devolución del dinero que pagó en honorarios a sus abogados anteriores debido a la deficiencia de su caso.

El 14 de septiembre de 2024, notificada el 16 de septiembre de 2024, el TPI emitió una *Resolución* declarando "No Ha Lugar" la solicitud de relevo de sentencia presentada por el Sr. Amengual Gutiérrez.[5]

En desacuerdo con esta determinación, el Sr. Amengual Gutiérrez acudió ante nosotros mediante el presente recurso. En su escrito, señala que el TPI cometió los errores siguientes:

> Erró el Tribunal de Primera Instancia a negarle los derechos al peticionario a: una vista evidenciaría en su fondo al amparo del caso FDIC v. Scotiabank, KLAN201901144 (2019) y Ortiz Serrano v. Ortiz Díaz, 106 DPR 445, 449 (1977) toda vez que era mandataria ya que se presentó prueba pericial de que el peticionario tiene una reclamación valida bajo una Moción de Relevo de Sentencia bajo las Reglas de Proc. Civil 49.2.

> Erró el Tribunal de Primera Instancia al no permitir una Enmienda a las Alegaciones toda vez ubo una representación legal que no pudo plasmar las bases del derecho que daban base a la reclamación judicial de la parte demandante bajo la Ley Núm. 21 del 5 de diciembre de 1990.

---
[5] Anejo 1 del Apéndice de la *Apelación.*

Erró el Tribunal de Primera Instancia al no hacer una determinación Incumplimiento de Contrato de la representación legal anterior ni mencionarla en su Resolución.

Luego de varios trámites procesales, el 6 de noviembre de 2024, Windmar presentó ante nosotros una *Moción de Desestimación por Falta de Jurisdicción y Alegato en Oposición a Certiorari*. En su escrito, Windmar alega que la parte peticionaria no notificó el recurso a las demás partes en el pleito dentro del término dispuesto para su presentación. En particular, alega que no se notificó el recurso a los codemandados el Sr. Neftalí Burgos Pérez y la Sra. Claribel Meléndez Rivera, quienes están siendo representados por el Licenciado Olvaldo Burgos Pérez. Debido a esta omisión, Windmar plantea que carecemos de jurisdicción para atender el recurso, por lo que solicita su desestimación.

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

**A.**

La jurisdicción se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia. *Metro Senior v. AFV*, 209 DPR 203, 208 (2022); *Allied Mgmt. Group, v. Oriental Bank*, 204 DPR 374, 385-386 (2020). En múltiples y variadas ocasiones, el Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014). Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); *S.L.G. Solá-Morreno v. Bengoa*

*Becerra*, 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por otra parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Íd.* Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Íd.* No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd.* La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*

Ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2012). Por ser las cuestiones de jurisdicción privilegiadas, estas deben ser resueltas con preferencia y de carecer un tribunal de jurisdicción, lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

La Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), autoriza al Tribunal de Apelaciones a desestimar un recurso, a iniciativa propia o solicitud de parte, cuando carezca de jurisdicción para atenderlo.

**B.**

En términos generales, una moción de reconsideración permite que la parte afectada por un dictamen judicial pueda

solicitar al tribunal que considere nuevamente su decisión, antes de recurrir en alzada a un tribunal de mayor jerarquía. *Div. de Empleados Públicos UGT v. CEMPR,* 212 DPR 742 (2023); *Simons y otros v. Leaf Petroleum Corp.*, 209 DPR 216 (2022); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 731 (2016); *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 24 (2011); *Castro v. Sergio Estrada Auto Sales, Inc.*, 149 DPR 213, 217 (1999). Al respecto, la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, dispone lo siguiente:

> "La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, presentar una moción de reconsideración de la orden o resolución.
>
> La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, presentar una moción de reconsideración de la sentencia.
>
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.
>
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
> La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto."

De conformidad con la Regla 47 de Procedimiento Civil, *supra*, una vez se presenta al Tribunal de Primera Instancia y notifica a todas las partes una moción de reconsideración de manera

oportuna y fundamentada, se interrumpe el término para recurrir en alzada. Ese término comenzará a contarse de nuevo desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. Regla 52.2(e)(2) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(e)(2). Véase, además, *Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 719 (2011); *Insular Highway v. A.I.I. Co.*, 174 DPR 793, 805 (2008); *Lagares v. E.L.A.,* 144 DPR 601, 613 (1997).

Ese término quedará automáticamente interrumpido al presentarse la moción de reconsideración, siempre que se cumpla con los requisitos de forma expuestos en la Regla 47 de Procedimiento Civil, *supra.*

## C.

En cuanto a la notificación del recurso de *certiorari* a las partes, la Regla 33 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 33 (B), dispone lo siguiente:

> "La parte peticionaria notificará la solicitud de certiorari, debidamente sellada con la fecha y la hora de presentación, a los abogados o abogadas de récord, o en su defecto, a las partes, así como al Procurador General o Procuradora General, y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales, dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto. Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. Cuando se efectúe por correo, se remitirá la notificación a los abogados o abogadas de las partes, o a las partes, cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección, de estar la parte representada por abogado o abogada, la notificación se hará a la dirección que de éste o ésta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo. La parte peticionaria certificará el hecho de la notificación en la propia solicitud de certiorari. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. La notificación mediante entrega personal deberá hacerse en la oficina de los abogados o las abogadas que representen a las partes, entregándola a éstos o éstas, o a cualquier persona a cargo de la oficina. De no estar la parte representada por abogado o abogada, se

entregará en el domicilio o dirección de la parte o de las partes, según ésta surja de los autos, a cualquier persona de edad responsable que se encuentre en la misma. En caso de entrega personal, se certificarán la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas cuarenta y ocho horas. El término aquí dispuesto será de cumplimiento estricto. La notificación podrá efectuarse por los otros medios, en la forma y bajo los requisitos dispuestos en la Regla 13(B) de este Reglamento."

Conforme a lo anterior, para el perfeccionamiento adecuado de un recurso presentado ante el Tribunal de Apelaciones es necesario la oportuna presentación y la notificación del escrito a las partes recurridas. Regla 33 (B) del Reglamento del Tribunal de Apelaciones, *supra*. Véase, *González Pagán et al. v. SLG Moret-Brunet,* 202 DPR 1062 (2019); *Montañez Leduc v. Robinson Santana,* 198 DPR 543 (2017); *Pérez Soto v. Cantera Pérez, Inc. et. al.,* 188 DPR 98, 105 (2013). La falta de oportuna notificación a todas las partes en el litigio priva de jurisdicción al Tribunal para ejercer su facultad revisora, por lo que conlleva la desestimación del recurso de *certiorari. Montañez Leduc v. Robinson Santana,* supra, págs. 549-553; *Pérez Soto v. Cantera Pérez, Inc. et. al.,* supra, pág. 105; *Soto Pino v. Uno Radio Group,* 189 DPR 84, 91 (2013).

Los términos de cumplimiento estricto pueden prorrogarse siempre y cuando exista una justa causa. *Rivera Marcucci, et al. v. Suiza Dairy,* 196 DPR 157, 170 (2016); *Soto Pino v. Uno Radio Group,* supra; *Cruz Parrilla v. Depto. Vivienda,* 184 DPR 393, 403 (2012). Por ello, no constituye un defecto fatal la notificación tardía, si se puede demonstrar la existencia de justa causa. *Rivera Marcucci, et al. v. Suiza Dairy,* supra, pág. 170; *Soto Pino v. Uno Radio Group,* supra, pág. 93.

Los tribunales tienen discreción para extender un término de cumplimiento estricto sólo cuando la parte que lo solicita demuestra justa causa para la tardanza. *Rivera Marcucci, et al. v. Suiza Dairy,* supra, pág. 170. Al ser así, se le requiere a quien solicita la prórroga

o a quien actúe fuera del término que presente justa causa por la cual no puede o pudo cumplir con el término establecido. *Íd.* De conformidad con esto el Tribunal Supremo ha reafirmado que los tribunales podrán eximir a una parte de observar el cumplimiento con un término de este tipo únicamente si concurren las siguientes condiciones: (1) que en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida. *Rivera Marcucci, et al. v. Suiza Dairy,* supra, pág. 171; *Soto Pino v. Uno Radio Group,* supra, pág. 93.

Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo [...] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". (cita omitida) *Rivera Marcucci, et al. v. Suiza Dairy,* supra, pág. 171. De hecho, en *Soto Pino v. Uno Radio Group,* supra, pág. 97, se señaló que "es un deber acreditar la existencia de justa causa, *incluso antes de que un tribunal se lo requiera,* si no se observa un término de cumplimiento estricto".

La justa causa se acredita mediante explicaciones "concretas y particulares, debidamente evidenciadas en el escrito, que les permitan a los tribunales concluir que hubo una excusa razonable para la tardanza o la demora". *Rivera Marcucci, et al. v. Suiza Dairy,* supra, pág. 172, citando a *Soto Pino v. Uno Radio Group,* supra, pág. 93. No constituyen justa causa las "vaguedades y las excusas o planteamientos estereotipados". *Íd.* Es evidente que la existencia de justa causa es un elemento que ha de evaluarse caso a caso. Al justipreciar las razones ponderadas, por una parte, el juzgador debe llevar a cabo un análisis cuidadoso de las explicaciones que

demuestren el incumplimiento y de la evidencia que lo sustenta. *Rivera Marcucci, et al. v. Suiza Dairy*, supra, pág. 172.

### III

Al evaluar la solicitud presentada por Windmar, concluimos que procede la desestimación del presente recurso de *certiorari* por falta de jurisdicción debido a la omisión en la notificación a las demás partes codemandadas del pleito.

La Regla 33 (B) del Reglamento del Tribunal de Apelaciones, *supra,* establece que la parte peticionaria debe notificar el recurso y los apéndices a todas las partes en el término establecido para su presentación, siendo este un requisito de estricto cumplimiento.

Examinado el recurso de *certiorari* presentado por el Sr. Amengual Gutiérrez, no observamos que se haya notificado al Lcdo. Osvaldo Burgos Pérez, representante legal de los codemandados el Sr. Neftalí Burgos Pérez y la Sra. Claribel Meléndez Rivera. Tampoco se ha demostrado la existencia de justa causa para la falta de notificación. Consideramos que notificar únicamente al abogado de Windmar no satisface el requisito de notificación requerido en nuestro reglamento. El Sr. Amengual Gutiérrez debió notificar el recurso a todas las partes, incluyendo al Lcdo. Osvaldo Burgos Pérez.

Por lo tanto, procedemos a desestimar el presente recurso por falta de jurisdicción debido a la omisión en la notificación a las demás partes del pleito.

### IV

Por los fundamentos expuestos, resolvemos desestimar el presente recurso al amparo de la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra,* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones